**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

AARON COLLINS,
ADC #111257                                                                                              PLAINTIFF

V.                                        2:05CV00231 GH/JTR

MOSES JACKSON, Captain,
East Arkansas Regional Unit ,
Arkansas Department of Correction                                                       DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendant Moses Jackson, an EARU Captain, violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.

## II.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Analysis of Plaintiff's Claims

In his Complaint, Plaintiff alleges that, on November 2, 2004, he was ordered to spend fifteen days in punitive isolation. *See* docket entry #1. Plaintiff further contends that Defendant Jackson intentionally subjected him to "cruel and unusual punishment" by failing to release him until December 3, 2004, thereby causing Plaintiff to unnecessarily spend an extra sixteen days in punitive isolation. *Id.* at 4. The Court concludes that these allegations fail to state a cognizable § 1983 claim, regardless of whether they are analyzed under the Eighth or Fourteenth Amendments.

First, construing Plaintiff's complaint liberally, it appears that he may be alleging that his Fourteenth Amendment right to due process was violated when he was unnecessarily punished by being forced to stay sixteen extra days in punitive isolation. However, the United States Supreme Court has clarified that an inmate has a liberty interest at stake, and thus a right to due process, only when confinement in punitive isolation results in an "atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Consistent with the Court's holding in *Sandin*, the Eighth Circuit has repeatedly held that administrative and disciplinary segregation--and the temporary loss of certain privileges while in segregation--are <u>not</u> the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin. See, e.g., Philllips,* 320 F.3d at 847-48 (8th Cir. 2003) (holding that <u>thirty-seven days</u> in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that <u>thirty days</u> in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that <u>thirty days</u> in punitive isolation--resulting in the loss of working, mailing, commissary, and telephone privileges--was not an atypical and significant hardship under *Sandin*). Accordingly, the Court concludes that Plaintiff has failed to state a viable Fourteenth Amendment due process claim.

Second, Plaintiff's claim that he was wrongfully required to spend sixteen extra days in punitive isolation might be construed as alleging he was subjected to "cruel and unusual punishment" in violation of the Eighth Amendment. To establish such a claim, a prisoner must show "unnecessary and wanton infliction of pain," as well as a deprivation "denying the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). In *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003), the Eighth Circuit held that an inmate's allegations that he was wrongfully required to spend thirty-seven days in punitive isolation--where he was not allowed contact visitation, exercise privileges, or chapel rights--did not amount to an Eighth Amendment violation.[1]

---

[1] Additionally, the Eighth Circuit has held, on numerous occasions, that claims by prisoners regarding conditions of confinement that were worse than being required to spend an extra sixteen days in punitive isolation were <u>not</u> sufficiently serious to rise to the level of an Eighth Amendment

Accordingly, the Court concludes that Plaintiff has also failed to state an Eighth Amendment violation.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[2]

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[3] that an *in forma pauperis*

---

violation. *See, e.g., Goldman v. Forbus*, Case No. 00-2462WA, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith,* 87 F.3d at 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise, and visits not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation); *White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional violation).

[2] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[3] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

appeal from any Order and accompanying Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 6th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE